# EXHIBIT T

**IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR
VINDICTIVE PROSECUTION**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
)
v. )
) 1:16-cr-42 (LMB)
ARDIT FERIZI, )
)
Defendant. )

ORDER

On December 3, 2020, the Court granted defendant Ardit Ferizi's ("defendant") Renewed

Emergency Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"),

and ordered that he be placed into a 14-day quarantine before being released to ICE custody for

prompt deportation to Kosovo ("Order"). [Dkt. Nos. 101, 105]. The government has filed a

Motion to Stay Release Order ("Motion") pending appeal,[1] and defendant has opposed that

Motion. [Dkt. Nos. 107, 108]. For the reasons that follow, the Motion will be denied.

When deciding whether to stay an order pending appeal, a court must consider: "(1)

whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

stay will substantially injure the other parties interested in the proceeding; and (4) where the

public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "[A] stay is considered

extraordinary relief for which the moving party bears a heavy burden." Personhuballah v.

Alcorn, 155 F. Supp. 3d 552, 558 (E.D. Va. 2016) (internal quotation marks and citation

---

[1] When the government filed its Motion, it requested a stay while it "evaluat[ed] whether to appeal the Court's release order," [Dkt. No. 107] at 1; the government has since filed a Notice of Appeal. [Dkt. No. 110].

omitted). The government has not met that heavy burden with respect to any of the four factors identified by Hilton.

The government has previously conceded that defendant is particularly susceptible to Covid-19 and that there is an "ongoing COVID outbreak" at the institution where defendant is incarcerated. See [Dkt. No. 105] at 4-5. In light of these concessions, the only claim supporting its argument that it will likely succeed on the merits of its appeal is that the Court has not properly weighed the 18 U.S.C. § 3553(a) sentencing factors, as required by 18 U.S.C. § 3582(c)(1)(A). Specifically, the government reiterates its earlier argument that release is not appropriate in light of "the serious nature of the defendant's offense and the harm caused to the victims in this case." [Dkt. No. 107] at 3. As the government acknowledges, the Court has considered the facts underlying defendant's convictions, and discussed them at length in the nine-page Order granting release. That Order stated:

> There is no doubt that defendant committed a serious offense when he provided the personal information of U.S. government and military employees to ISIL, and as the victim impact letter attached to the Presentence Investigation Report demonstrates, his actions were harmful to the individuals whose names appeared on the list posted by ISIL. [Dkt. No. 57-1]. Nevertheless, even defendants who have committed very serious offenses can be appropriately released from custody or supervision where "[t]here is no indication that defendant poses a risk to the public, and reducing defendant's sentence to time served will not diminish the seriousness of his offense or respect for the law." United States v. Lee, 1:95-cr-58, 2020 WL 3422772, at *4 (E.D. Va. June 22, 2020).

[Dkt. No. 105] at 6-7. The Order went on to discuss that defendant has disclaimed any affiliation or sympathy with ISIS, that he was 19 years old at the time of the offense, that he had no significant criminal history, and that he has had no significant disciplinary problems during the five years he has spent in custody. Id. at 7-8. The government's Motion has cited no authority that would support a conclusion that this careful balancing of the circumstances exceeded the "extremely broad discretion" given to district court judges "when determining the weight to be

given each of the § 3553(a) factors." <u>United States v. Jeffrey</u>, 631 U.S. 669, 679 (4th Cir. 2011). That the government disagrees with the conclusion reached by the Court after evaluating each factor does not alone create a "strong showing that [it] is likely to succeed on the merits." <u>Hilton</u>, 481 U.S. at 776.

The second and third <u>Hilton</u> factors require courts to consider both whether the applicant will suffer irreparable injury without a stay, and whether a stay will cause substantial injury to other parties to the proceeding. <u>Hilton</u>, 481 U.S. at 776. The government argues that "[a]bsent a stay, the government will likely lose its ability to secure the defendant's incarceration should it prevail on appeal." [Dkt. No. 107] at 4. The government's sense of urgency is undermined by the fact that it waited eleven days before requesting a stay or noticing an appeal of the Order. Moreover, any risk of harm to the government does not outweigh the risk of substantial injury to defendant if he contracts Covid-19 while the government's appeal is pending. As explained in the Order, defendant has three separate conditions that the CDC has found create a risk of severe illness in combination with Covid: asthma, long-term use of corticosteroids to treat his asthmatic condition, and obesity. <u>See</u> [Dkt. No. 105] at 4-5. The conditions at Gilmer FCI, where defendant is incarcerated, are largely the same as when compassionate release was granted: according to the BOP, there are still 19 active cases at the facility (8 among inmates and 11 among staff).[2] The government has conceded that "given the defendant's health conditions," the third <u>Hilton</u> factor weighs in his favor, [Dkt. No. 107] at 3, and any possible harm to the government does not outweigh the potentially deadly risk that Covid-19 poses to defendant if the Order is stayed.

Finally, the government argues that the public interest is best served by a stay because "defendant's premature release raises obvious public safety concerns." [Dkt. No. 107] at 3; however,

---

[2] <u>See</u> https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 16, 2020).

the government does not explain why this is so considering that defendant has been rated by BOP staff as a "low" risk for recidivism. [Dkt. No. 95-1]. In the absence of specific characteristics that make defendant a likely threat to the public, the government argues that the real risk is his imminent deportation, which will release defendant "to a foreign country where he will be free to resume his exploits with impunity." [Dkt. No. 107] at 3. This argument takes a very dim view of the law enforcement capabilities of both Kosovo and the United States. Defendant was not in the United States when he committed the offenses of conviction, and yet he was quickly identified and taken into custody. Kosovo's government was cooperative with that investigation and with defendant's extradition from Malaysia, where he was arrested. As the Order explained, "This history of cooperation shows that the government of Kosovo is neither indifferent to defendant's activities, nor unwilling to help the United States with criminal investigations." [Dkt. No. 105] at 8. In light of these facts, the government has not established that the public interest is best served by staying the Order.

Because the government has not carried its heavy burden of establishing that a stay is warranted in light of the Hilton factors, it is hereby

ORDERED that the Motion [Dkt. No. 107] be and is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this _16_ day of December, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

4